# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHLEY ROSEN, on behalf of herself and all other similarly situated plaintiffs, | : <br> : <br> : |
| AND | : <br> : : Civil Action No. _____ |
| PETER MARTIN, on behalf of himself and all other similarly situated plaintiffs, | : <br> : <br> : **COLLECTIVE & CLASS ACTIONS** |
| Plaintiffs, | : <br> : |
| v. | : <br> : |
| AIDS CARE GROUP, | : <br> : |
| Defendant. | : <br> : |

## NOTICE OF REMOVAL

Defendant AIDS Care Group ("ACG") hereby removes this action from the Court of Common Pleas of Delaware County, Pennsylvania, Case No. 2017-004490, to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §§ 1331, 1367, and 1441 based on the following grounds:

## THE PARTIES

1. Plaintiffs Ashley Rosen and Peter Martin are alleged to be residents of Pennsylvania. (Ex. A, Compl. ¶¶ 1, 2.)

2. ACG is a Pennsylvania non-profit agency with its principal place of business in Sharon Hill, Pennsylvania.

## THE COMPLAINT AND TIMELY REMOVAL

3. On May 17, 2017, Ashley Rosen and Peter Martin, on behalf of themselves, individually, and all others similarly situated (collectively "Plaintiffs") filed a Complaint against

Defendants in the Court of Common Pleas, Delaware County, Pennsylvania, Case ID: 2017-004490 (the "State Court Action").

4. A copy of the Complaint was delivered to ACG's Sharon Hill, Pennsylvania office on May 24, 2017.

5. Defendant has not yet answered, moved, or otherwise responded to the Complaint.

6. Attached hereto as Exhibit A are true and correct copies of the Civil Cover Sheet and Complaint. These documents constitute all the process, pleadings, and orders filed in the State Court Action to date of which ACG is aware.

7. The removal of this action is timely because it was accomplished within thirty (30) days of the date on which ACG received a copy of the Complaint. 28 U.S.C. § 1446(b).

## JURISDICTIONAL BASIS FOR REMOVAL

8. District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The instance in which "a case arises under federal law" is "when federal law creates the cause of action asserted." *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013).

9. Additionally, where a Complaint alleges causes of action under both federal and state law, district courts have jurisdiction over the state law claims where the state law claims are so related to the federal law claims that they form part of the same case or controversy. *See* 28 U.S.C. § 1367. A plaintiff's federal and state law claims form a part of the same case or controversy when they arise out of a "common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966).

10. This case arises under both federal and state law. Plaintiffs' Complaint alleges causes of action under the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

(Counts I and II); Pennsylvania's Minimum Wage Act, 43 P.S. § 333.101, *et seq.* (Counts III and IV); and Pennsylvania's Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq.* (Counts V and VI).

11. This Court has jurisdiction over the entire case. Plaintiffs' federal and state law claims relate exclusively to their employment with Defendant, and all claims arise out of a common nucleus of operative facts.

12. Federal question jurisdiction exists under 28 U.S.C. § 1331 because Plaintiffs' claims under Counts I and II arise under the FLSA, a federal statute. 29 U.S.C. § 201, *et seq.*

13. Plaintiffs' state law claims arise out of the same facts as those giving rise to the federal law claims. Therefore, this Court has supplemental jurisdiction over those claims under 28 U.S.C. § 1367. Plaintiffs' state law claims do not raise novel or complex issues of state law or substantially predominate over their federal claims. *See* 28 U.S.C. § 1367(c).

14. Accordingly, ACG is entitled to remove this action to this Court under 28 U.S.C. § 1441 because this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## VENUE

15. Under 28 U.S.C. § 1441(a), the United States District Court for the Eastern District of Pennsylvania is the proper venue for removal because this suit is pending in Delaware County, Pennsylvania, which is in the Eastern District of Pennsylvania.

## PROCEDURAL REQUIREMENTS

16. Defendant first received a copy of the Complaint on May 24, 2017. Removal is timely because Defendant is filing this Notice within thirty (30) days after receipt of the Complaint. *See* 28 U.S.C. § 1446(b).

17. Aside from the Complaint, no other process, pleading, or order has been served upon Defendant in this action.

18. The Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

19. Pursuant to 28 U.S.C. § 1446(d), Defendant is filing on this same date, June 19, 2017, written notice of this removal with the Prothonotary of the Court of Common Pleas of Delaware County in which the State Court Action is currently pending. A copy of the Notice of Filing of Notice of Removal (without exhibits) is attached as Exhibit B.

20. Copies of the Notice of Filing of Notice of Removal, together with this Notice of Removal, are being served on Plaintiffs' counsel pursuant to 28 U.S.C. § 1446(d).

21. This Notice of Removal is filed subject to and with full reservation of rights. No admission of fact, law, or liability is intended by this Notice of Removal, and Defendant specifically reserves the right to assert any defenses, motions, and/or objections to which it may be entitled.

22. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367, and this matter may be removed to this Court under 28 U.S.C. § 1441.

23. Removal of this action is filed in accordance with 28 U.S.C. §§ 1446 and 1453.

**WHEREFORE**, ACG hereby removes the above-captioned State Court Action to the United States District Court for the Eastern District of Pennsylvania and requests that this Court assume full jurisdiction over this cause of action as provided for by law.

Dated: June 19, 2017

Respectfully submitted,

/s/ William K. Kennedy

William K. Kennedy, Esq. (PA ID 83571)
Kelly T. Kindig, Esq. (PA ID 203278)
Carolyn A. Pellegrini, Esq. (PA ID 307026)
Shaina E. Hicks, Esq. (PA ID 322772)
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: 215.665.8243
Facsimile: 215.864.8999

*Attorneys for Defendant AIDS Care Group*

# CERTIFICATE OF SERVICE

I hereby certify that, on this date, I caused a true and correct copy of the foregoing Notice of Removal to be served on counsel for Plaintiffs via e-mail and First Class Mail, postage prepaid, at the address specified below.

>Michael J. Davey, Esquire
>Eckell, Sparks, Levy, Auerbach, Monte,
>Sloane, Matthews & Auslander, P.C.
>300 West State Street, Ste. 300
>Media, PA 19063
>mdavey@eckellsparks.com

>*Attorney for Plaintiffs*

Date: June 19, 2017